Bernard S. Meyer, J.
Action No. 1 is for personal injuries to the plaintiff Stella Sikorski, for loss of services by and the medical expenses of her husband, and for property damage to the husband’s car. Action No. 2 is a claim for property damage to the automobile owned by the defendant Samuel Melba, which action was begun in the District Court for the First District and was consolidated for trial under an order providing that it should here be treated as a counterclaim.
Plaintiff Stella Sikorski, operating her husband’s automobile on Hempstead Turnpike, was injured in a collision of that automobile with an automobile owned by the defendant Melba and operated with Melba’s consent by defendant Spector. At the point of collision Hempstead Turnpike is six lanes wide, the outer lane on either side being used for parking, and is divided by a center white line. The testimony of plaintiff Stella Sikorski establishes and the court finds that she was traveling in an easterly direction in the lane closest to the center white line at a speed of 20 to 25 miles an hour; that while in the middle of the block in which the collision-occurred defendant’s car moved from the second lane on the easterly side into the lane in which she was driving. The testimony of plaintiff Stella Sikorski is supported by that of a disinterested witness who had been following her for a distance of approximately six blocks. The court finds that the accident was occasioned by the negligence of the defendant Jacob Spector and without any contributory negligence on the part of the plaintiff.
The medical testimony established that the plaintiff wife was hospitalized for five days, that she suffered a concussion and contusions of the abdomen and head, that she was confined to the home for two weeks thereafter until the operation hereafter referred to. She has continued until the present to suffer from dizziness and headaches in the occipital region. The testimony *383 further established that prior to the collision plaintiff wife was suffering from an ovarian tumor which she had been advised was benign. Her physician testified that as a result of the accident the tumor was dislodged from its pedestal or bed causing constant pain in the abdominal region and necessitating removal of the tumor. On cross-examination he admitted that the tumor might eventually have had to be removed in any event and defendant therefore urges that the operation and pain and suffering in connection therewith cannot be considered as an element of damage. The court holds that defendants are chargeable for all of the harm and suffering which the negligent acts brought on, including the precipitation of the operation to remove the tumor. (Maloney v. United Rys. Co. of St. Louis, 237 S. W. 509 [Mo.]; see McCahill v. New York Transp. Co., 201 N. Y. 221; Lang v. Stadium Purch. Corp., 216 App. Div. 558; Gonzalez v. New York City Omnibus Corp., 150 N. Y. S. 2d 722, affd. 2 AD 2d 963.)
The court therefore finds for the plaintiff wife in the sum of $5,000, for the plaintiff husband in his action for loss of services and medical expenses in the amount of $1,500, and for the plaintiff husband in his action for property damages in the amount of $228.15. On the counterclaim of the defendant Samuel Melba, the court finds for plaintiff Sikorski, there being no evidence of negligence in the operation of the Sikorski vehicle.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act and all motions on which decision was reserved at the trial are resolved accordingly.
Settle judgment.